**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert L. Miller, Jr, | No. CV-22-02172-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Ascenda USA Incorporated, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Robert L. Miller's Motion for Discovery from Defendant Instacart (Doc. 37). Because the Court will deny the Motion, it did not await a response from Instacart. Also at issue is the service of process on the other three Defendants in this matter, which are located in the province of Manitoba in Canada.

In the Motion, Plaintiff asks to begin discovery on Instacart to be able to "fairly address [Instacart's] Motion to Dismiss." (Doc. 37 at 1.) A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), as Instacart has filed in this case, is not an evidentiary motion, and the response to such a motion generally may not contain evidence. That is, a dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient factual *allegations* to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (emphasis added). A plaintiff's burden in responding to the motion is thus to demonstrate that the *allegations* in the complaint—not the eventual evidence—are sufficient to state a legal claim. If the Court finds that the allegations are insufficient to

state a claim, it permits the plaintiff to amend the complaint to add factual allegations if it finds such amendment may result in the statement of a legal claim.

But the filing of complaint is not a fishing expedition for legal claims against a defendant. Rather, a plaintiff must have a good faith belief that the claims "are warranted by existing law" and the "factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). The discovery process is time consuming and costly, and it generally does not begin until a plaintiff has stated a legal claim under Federal Rule of Civil Procedure 8 and, often, also survived a related challenge by a defendant under Rule 12(b)(6). For these reasons, the Court will deny Plaintiff's premature request to begin discovery on Instacart (Doc. 37).

With regard to service of the Amended Complaint (Doc. 17) and Summons on the remaining Defendants—all located in Canada—Plaintiff requested that the U.S. Marshal serve those Defendants. As the Court stated in its prior Order (Doc. 32), service in a foreign country is not governed by United States law, and in instances where the foreign country is a signatory to the Hague Convention on service of process, the Hague Service Convention (HSC) rules govern. As such, the United States statute, 28 U.S.C. § 1915(d), which provides for service of process by officers of the court on behalf of *in forma pauperis* plaintiffs, does not apply to or govern service of process in foreign countries.

Nonetheless, the Court has made several efforts to assist Plaintiff in serving three Defendants in Canada in this matter, and the latest attempt was the result of Plaintiff's submission of completed USM-94 forms with regard to each foreign Defendant (Doc. 33). The Province of Manitoba, in which three Defendants are located, informed the officer of the Court who attempted service of process with these forms that service on each Defendant may only be effectuated by paying $100.00 (Canadian dollars)—approximately $75.00 (U.S. dollars)—to the Minister of Finance for the Province of Manitoba. The Court will

not pay these fees, but rather will require Plaintiff to pay the foreign service fees if he wishes for the Court to effectuate service on the foreign Defendants.[1]

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion for Discovery from Defendant Instacart (Doc. 37).

**IT IS FURTHER ORDERED** that, in order for the Court to effectuate service of process on behalf of Plaintiff on three Canadian Defendants, Plaintiff shall provide funds to the U.S. Marshal Service in the amount of $100.00 (Canadian dollars) per Defendant, which is the service fee required by the Province of Manitoba. The Court will e-mail Plaintiff further instructions regarding the form of payment required by the U.S. Marshal Service. Plaintiff shall have 30 days from the date of this Order to provide the service fees to the U.S. Marshal Service.

Dated this 6th day of June, 2023.

Honorable John J. Tuchi
United States District Judge

---

[1] The Court researched alternative methods of service on defendants in Manitoba. While the HSC permits service of process by certified mail if such service is permitted in the forum, and Manitoba court rules permit service by mail in some instances, such service still requires proof of service on the service agent for each defendant, which may not be guaranteed if service is by mail.

- 3 -