**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert L. Miller, Jr, | No. CV-22-02172-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Ascenda USA Incorporated, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Robert L. Miller's Motion to Reconsider Ruling on Instacart's Motion to Dismiss (Doc. 45). Motions for reconsideration should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993). Mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp*., 689 F. Supp. 1572, 1573 (D. Haw. 1988). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc*., 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiff contends that the Court erred in entering an Order (Doc. 44) granting Defendant Maplebear Inc. dba Instacart's Motion to Dismiss (Doc. 34) and dismissing Plaintiff's claims against Instacart with prejudice. To begin with, Plaintiff already made or could have made all the arguments in the Motion to Reconsider (Doc. 45) when Plaintiff filed a Response (Doc. 40) to Instacart's Motion to Dismiss, and the arguments are thus improper on a Motion to Reconsider. In any event, Plaintiff's arguments and additional facts do not resolve the fatal defects in his claims against Instacart. Although Instacart was a client of Plaintiff's former employer, 24/7 InTouch, Instacart is a separate company—indeed, Plaintiff is attempting to sue it as separate Defendant—and as such, Plaintiff was required to exhaust administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) before suing Instacart. This Plaintiff did not do, and most of his claims against Instacart are barred for this reason alone.

Moreover, although Instacart was a client of his former employer, InTouch, that does not create a vicarious or other liability relationship under Arizona law such that Plaintiff can somehow sue Instacart for employment discrimination. No case law or other legal authority Plaintiff has cited provides otherwise as applied to these circumstances. Plaintiff can sue (and, in this lawsuit, is suing) his employer, InTouch, for employment discrimination, and he can bring in all the relevant evidence going to that alleged discrimination. But, under the law, he cannot sue the client of his former employer for employment discrimination. For this additional reason, Plaintiff's claims against Instacart fail.

**IT IS THEREFORE ORDERED** denying Plaintiff's Motion to Reconsider Ruling on Instacart's Motion to Dismiss (Doc. 45).

Dated this 2nd day of August, 2023.

Honorable John J. Tuchi
United States District Judge

- 2 -