**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert L. Miller, Jr, | No. CV-22-02172-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Ascenda USA Incorporated, *et al.*, | |
| Defendants. | |

At issue is service of *pro se* Plaintiff Robert L. Miller's filing of another amended complaint (Doc. 59) without filing a Motion to Amend as required by Federal Rule of Civil Procedure 15(a)(2) and without complying with Local Rule 15.1(a).

A party may amend a complaint *once* as a matter of course within 21 days after serving it, or within 21 days of service of, among others, a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a) (emphasis added). In all other circumstances, absent the opposing party's written consent, a party must seek leave to amend from the court. Fed. R. Civ. P. 15(a)(2). Although the decision whether to grant or deny a motion to amend is within the trial court's discretion, "Rule 15(a) declares that leave to amend shall be freely given when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). "In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15–to facilitate a decision on the merits rather than on the pleadings or technicalities." *Eldridge v. Block,* 832 F.2d 1132, 1135 (9th Cir. 1987) (citation and internal quotation marks omitted).

However, the policy in favor of allowing amendments is subject to limitations. After a defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers,* 310 F.3d 628, 636 (9th Cir. 2002) (citation and internal quotation marks omitted). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).

Here, Plaintiff already amended his complaint once as a matter of course when he filed the Second Amended Complaint (Doc. 50). As a result, absent Defendants' written consent, Plaintiff must file a Motion to Amend in which Plaintiff demonstrates that his proposed amendments are not futile and do not cause undue delay or otherwise prejudice Defendants.

In addition, Local Rule 15.1(a) requires a party moving for leave to amend a complaint to attach a copy of the proposed amended complaint as an exhibit to the motion, "which must indicate in what respect it differs from the pleading it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." Plaintiff's proposed amended complaint (Doc. 59) does not comply with these provisions.

Because Plaintiff did not file a motion requesting leave to file a Third Amended Complaint, as required by Rule 15(a)(2), and did not attach an exhibit indicating how the proposed Third Amended Complaint differs from the Second Amended Complaint, as required by Local Rule 15.1(a), the Court will strike Plaintiff's latest amended complaint (Doc. 59) and give Plaintiff an opportunity to file a Motion to Amend by November 6, 2023.

Finally, in the proposed amended complaint that the Court will now strike (Doc. 59), Plaintiff once again lists InstaCart as Defendant. The Court reiterates that it dismissed Plaintiff's claims against InstaCart with prejudice (Doc. 44) and denied Plaintiff's Motion for Reconsideration on the issue (Doc. 46). Plaintiff's claims against InstaCart remain dismissed *with prejudice*, meaning he may not raise those claims against InstaCart again in this lawsuit. If Plaintiff tries again to file a complaint raising claims against InstaCart,

the Court will immediately strike the complaint and Plaintiff may be subject to sanctions for failure to comply with the Court's Orders.

**IT IS THEREFORE ORDERED** striking Plaintiff's latest amended pleading (Doc. 59). Plaintiff may file a Motion to Amend pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule 15.1(a) by **November 6, 2023**.

Dated this 20th day of October, 2023.

Honorable John J. Tuchi
United States District Judge