**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Robert L. Miller, Jr, | No. CV-22-02172-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Ascenda USA Incorporated, *et al.*, | |
| Defendants. | |

At issue is Defendant InTouchCX US Inc.'s Motion to Dismiss (Doc. 70, Mot.), to which *pro se* Plaintiff Robert L. Miller filed a Response (Doc. 74, Resp.) and Defendant filed a Reply (Doc. 75, Reply). In this Order, the Court will also resolve Plaintiff's Motion for Reconsideration (Doc. 83).[1]

## I.      BACKGROUND

In the Third Amended Complaint (Doc. 68, TAC), the operative pleading, Plaintiff alleges that he is a Black man with disabilities of "depression, anxiety, and related illnesses including chronic back and digestive system illness." (TAC at 4–5.) He claims that Defendant InTouchCX US Inc. (here, "Defendant") as well as 24/7 InTouch, Marc Lloyd (Senior Vice President, Human Resources) and Greg Fettes ("Founder") discriminated against him in employment in violation of Title VII, 42 U.S.C. § 2000e *et seq.*; the Americans with Disabilities Act, 42 U.S.C. § 12112 *et seq.* ("ADA"); Section 1981 of the Civil Rights Act, 42 U.S.C. § 1981; and the Arizona Civil Rights Act, A.R.S. § 41-1463

---

[1] The Court will address the Motion to Dismiss filed by Defendants Marc Lloyd, Greg Fettes, and InTouchCX Inc. (Doc. 84) by separate Order.

("ACRA"). (TAC at 1–4.)[2] He filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") dated December 23, 2020, and the EEOC issued a Right to Sue letter on September 29, 2022.[3] (TAC at 5; Mot. Ex. B, EEOC Charge.)

Defendant now moves to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARD

Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient factual allegations to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint for failure to state a claim, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

---

[2] In its Motion, Defendant states that Plaintiff also raises claims for defamation, breach of contract, and discrimination under the Age Discrimination in Employment Act ("ADEA"), (*see* Mot.), but the TAC does not identify these as independent claims (*see* TAC at 3–4).

[3] In conjunction with a prior Motion to Dismiss in this case, the Court took judicial notice of the EEOC Charge (Doc. 34-1) and Right to Sue letter (Doc. 34-2)—both of which are undisputed by the parties and central to Plaintiff's Complaint—and the Court will do the same here. (*See* Doc. 44.)

1   requires more than labels and conclusions, and a formulaic recitation of the elements of a

2   cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted).

3   Legal conclusions couched as factual allegations are not entitled to the assumption of truth

4   and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*,

5   556 U.S. at 679–80. However, "a well-pleaded complaint may proceed even if it strikes a

6   savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote

7   and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236

8   (1974)).

9   **III.   ANALYSIS**

10          Plaintiff's claims in the TAC are distilled into two theories: disability discrimination

11   under the ADA and ACRA, and racial discrimination under Title VII, ACRA and § 1981.

12          **A.      Disability Discrimination**

13          The ADA provides that "[n]o covered entity shall discriminate against a qualified

14   individual with a disability because of the disability of such individual in regard to . . .

15   discharge of employees . . . and other terms, conditions, and privileges of employment."

16   42 U.S.C. § 12112(a).

17          To establish a *prima facie* case of disability discrimination, a plaintiff must show he

18   (1) is disabled; (2) is a qualified individual; and (3) has suffered an adverse employment

19   action because of his disability. *Mayo v. PCC Structurals, Inc.*, 795 F.3d 941, 944 (9th Cir.

20   2015); *see* 42 U.S.C. § 12111(8). "The term 'disability' means, with respect to an

21   individual – (A) a physical or mental impairment that substantially limits one or more

22   major life activities of such individual; (B) a record of such an impairment; or (C) being

23   regarded as having such an impairment." 42 U.S.C. § 12102(1)(A)–(C); *Nunies v. HIE*

24   *Holdings, Inc.*, 908 F.3d 428, 433 (9th Cir. 2018). To trigger the employer's duty to engage

25   in the ADA "interactive process," an employee must first notify his employer of the need

26   for an accommodation. *Nunies*, 908 F.3d at 433. The employee "must make clear that the

27   employee wants assistance for his or her disability." *Taylor v. Phoenixville Sch. Dist.*,

28   184 F.3d 296, 313 (3d Cir.1999). If an employee brings an ADA retaliation claim against

his employer, he bears the burden of proving that the employer's "desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Texas Sw. Med. Ct. v. Nassar*, 570 U.S. 338, 352 (2013).

Before a plaintiff may file an ADA or ACRA disability discrimination claim in federal court, he must file a charge of discrimination with the EEOC or Arizona Civil Rights Division. *See Fort Bend County v. Davis*, 139 S. Ct. 1843, 1851 (2019) (holding that the charge-filing requirement is a mandatory processing rule); *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (stating the filing of a charge of discrimination within 300 days of an alleged violation is a mandatory prerequisite to maintaining an ADA action) (overruled on other grounds); *Peterson v. City of Surprise*, 418 P.3d 1020, 1024 (Ariz. Ct. App. 2018) ("The ACRA . . . requires an employee to file a charge with the Arizona Civil Rights Division within 180 days of an alleged violation . . . and an employee who does not do so loses her right to sue.").

In the December 23, 2022, Charge of Discrimination, Plaintiff alleged discrimination on the basis of a disability as well as harassment for using sick leave under the Family Medical Leave Act ("FMLA"). (Mot. Ex. B.) In its Motion to Dismiss, Defendant requests that the Court dismiss as time-barred Plaintiff's ADA claim based on allegations of events occurring more than 300 days prior to the filing of the Charge of Discrimination, or before February 27, 2020, and more than 180 days prior for Plaintiff's ACRA claim, or before June 26, 2020. (Mot. at 7–11.)

The Court interprets a plaintiff's EEOC charge liberally. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1100 (9th Cir. 2002). A complaint can "encompass any discrimination like or reasonably related" to the plaintiff's allegations in the EEOC charge. *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 636 (9th Cir. 2002). A claim is like or reasonably related to allegations in the charge of discrimination to the extent the claim is consistent with the plaintiff's original theory of the case. *B.K.B.*, 276 F.3d at 1100. Thus, "[i]t is sufficient that the EEOC be apprised, in general terms, of the alleged discriminatory

parties and the alleged discriminatory acts." *Sosa v. Hiraoka*, 920 F.2d 1451, 1458 (9th Cir. 1990).

To determine the timeliness of a claim, the Court must determine which of two types of allegations the plaintiff makes. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002). The first—a discrete discriminatory or retaliatory act—'"occurred' on the day that it 'happened,'" and thus a plaintiff must file a charge within 300 (or 180) days of the act or lose the ability to recover for it. *See id.* at 110. Although some discrete acts may have occurred within 300 (or 180) days of the charge, this does not allow a plaintiff to bring in these acts that would otherwise be time-barred. *Id.* at 112.

On the other hand, the second type—a hostile work environment claim—is "different in kind from discrete acts." *Id.* at 115. A "hostile work environment claim is composed of a series of separate acts that collectively constitute one 'unlawful employment practice.'" *Id.* at 117. A plaintiff alleging a hostile work environment may base his claim on allegations outside of the statute of limitations period so long as the plaintiff files a charge within "300 [or 180] days of any act that is part of the hostile work environment" allegation. *Id.* at 118. And the Court may still consider any discrete acts alleged in this time period for the "purpose[] of placing non-discrete acts in the proper context." *See Porter v. Cal. Dep't of Corrs.*, 419 F.3d 885, 893 n.4 (9th Cir. 2004).

In the TAC, Plaintiff brings a hostile work environment claim as well as a claim based on discrete retaliatory acts. Plaintiff's allegations in the TAC are like or reasonably related to the allegations in his Charge of Discrimination, which included claims of workplace harassment as well as retaliation on the basis of his alleged disability. (Mot. Ex. B.) Moreover, Plaintiff has alleged sufficient facts within the relevant time period to support a claim of a hostile work environment on the basis of his alleged disability and associated use of FMLA leave. (*E.g.*, TAC ¶ 64 (alleging that after his use of sick leave, phantom complaints were made against him and he was given a pretextual disciplinary write-up in March 2020); TAC ¶ 88 (alleging Defendant "exercised retaliatory animus" by controverting his insurance claim for emotional and physical injuries in July 2020).) The

1   Court therefore also considers any otherwise time-barred allegations to the extent they

2   support this hostile work environment claim.

3        Plaintiff also sufficiently alleges discrete retaliatory acts within the relevant time

4   period. (*E.g.*, TAC ¶ 89 (alleging he was terminated on July 8, 2020, for the pretextual

5   reason that he did not submit doctor's note to extend his time off when Human Resources

6   had received it days earlier).) To the extent certain discrete acts alleged in the TAC

7   occurred before the relevant time period, Plaintiff may not bring discrimination or

8   retaliation claims based on them, but they may be relevant to put later acts in context.

9   Accordingly, the Court declines to deem Plaintiff's hostile work environment and

10  retaliation claims based on his alleged disability as time-barred at this stage of the litigation.

11  *See Morgan*, 536 U.S. at 116–18.

12       Defendant also argues in conclusory fashion that Plaintiff fails to allege sufficient

13  facts to support his disability discrimination claims under the ADA and ACRA (Mot. at 5–

14  6), but Defendant does not demonstrate which aspects of those claims are unsupported by

15  factual allegations. The Court finds Plaintiff has adequately established a *prima facie* case

16  by alleging he is disabled; is a qualified individual; and has suffered adverse employment

17  actions because of his disability. *See Mayo*, 795 F.3d at 944. Accordingly, the Court will

18  deny Defendant's request for the dismissal of Plaintiff's disability discrimination claims

19  under the ADA and ACRA.

20      **B.**    **Racial Discrimination**

21       Plaintiff also brings racial discrimination claims on three bases: Title VII, ACRA,

22  and § 1981. As with the ADA and ACRA, to bring a Title VII lawsuit, a plaintiff must first

23  exhaust any administrative remedy available under 42 U.S.C. § 2000e-5 by filing a charge

24  with the EEOC. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir.

25  1988). Plaintiff's December 23, 2022 Charge of Discrimination includes no allegations

26  Defendant engaged in discrimination on the basis of Plaintiff's race, as he claims in the

27  TAC. As a result, the EEOC had no opportunity to conduct an investigation of racial

28  discrimination by Defendant. Accordingly, the Court must dismiss Plaintiff's Title VII

claim, as well as the portion of his ACRA claim based on racial discrimination, for failing to exhaust administrative remedies. *See id.*; *Fort Bend County*, 139 S. Ct. at 1851.

By contrast, § 1981 claims of discrimination on the basis of race or ethnicity do not require that a plaintiff first file a charge of discrimination with the EEOC. *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008). The statute of limitations period for § 1981 claims is four years from the date of the alleged act of discrimination. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004). Section 1981 "prohibits discrimination in the 'benefits, privileges, terms and conditions' of employment." *Id.* (quoting 42 U.S.C. § 1981(b)). To prevail on a § 1981 claim, "a plaintiff must initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 589 U.S. 327, 341 (2020).

Plaintiff's § 1981 claim is premised on alleged acts taking place within four years before he filed the Complaint in this matter, so the claim is not time-barred. The question is rather whether Plaintiff has adequately pled facts plausibly supporting the inference that he would not have suffered the adverse employment actions he alleges but for his race. This inquiry is complicated by the fact that Plaintiff also brings an ADA discrimination claim premised on his alleged disability; in certain instances in the TAC, it is not clear whether Plaintiff alleges the but for cause of discrimination was his alleged disability or his race. (*E.g.*, TAC ¶ 75 (Defendant did not accommodate Plaintiff's medical information requests related to his alleged disability where "[r]esearch will verify that younger, light-skinned agents with disabilities" were not treated the same).) But at least certain allegations only focus on racial discrimination—just as certain allegations only focus on disability discrimination, as noted above. For example, Plaintiff alleges that, in 2019, he was not granted the same shift change requests as agents "who were not dark-skinned." (TAC ¶ 21.) Accordingly, the Court finds Plaintiff has alleged enough at this stage of the litigation to state a claim for racial discrimination under § 1981.

### C.     Leave to Amend

If defective claims in a complaint can be cured, the plaintiff is entitled to amend the complaint before his claims are dismissed with prejudice. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). The Court finds that amendment cannot cure Plaintiff's defective claims against this Defendant, such as his Title VII claim, and will therefore dismiss those claims with prejudice.

### D.     Plaintiff's Motion for Reconsideration

In his Motion for Reconsideration (Doc. 83), Plaintiff moves the Court to reconsider its Order (Doc. 79) denying Plaintiff's "Motion to Request the Court Defers Ruling on InTouchCX's Motion to Dismiss" (Doc. 77), in which he asked the Court to defer ruling on the present Motion to Dismiss (Doc. 70) until after the other three Defendants in this case have answered the TAC. Because those Defendants have now answered by way of their own Motion to Dismiss (Doc. 84), the Court will deny Plaintiff's Motion for Reconsideration (Doc. 83) as moot.

**IT IS THEREFORE ORDERED** granting in part and denying in part Defendant InTouchCX US Inc.'s Motion to Dismiss (Doc. 70). Plaintiff has stated claims against this Defendant for disability discrimination under the Americans with Disabilities Act and the Arizona Civil Rights Act, and for racial discrimination under 42 U.S.C. § 1981. Plaintiff's other claims against this Defendant are dismissed without leave to amend.

**IT IS FURTHER ORDERED** that Defendant InTouchCX US Inc. shall answer the surviving claims in the Third Amended Complaint (Doc. 68) within the time set forth in Federal Rule of Civil Procedure 12(a)(4)(A).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion for Reconsideration (Doc. 83).

. . .

. . .

. . .

. . .

**IT IS FURTHER ORDERED** that the Court will address the remaining Defendants' Motion to Dismiss (Doc. 84) by separate Order.

Dated this 18th day of September, 2024.

Honorable John J. Tuchi
United States District Judge